# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MOLLY S. CLICK,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0084**  (BOR Appeal No. 2046259)
(Claim No. 2007218893)

**MCDOWELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Molly S. Click, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The McDowell County Board of Education, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed an August 11, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 27, 2010, decision, which denied Ms. Click's request to reopen her claim for additional permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Click worked as a cook for the McDowell County Board of Education. On October 16, 2006, Ms. Click injured her right ankle when she tripped over a student's foot and fell. Her claim was held compensable for a non-traumatic rupture of the tendons. On September 6, 2007, Dr. Kropac found that Ms. Click had reached the maximum degree of medical improvement and recommended a 3% whole person impairment based on residual effects of her ruptured tendon. Dr. Kropac based his impairment rating on the range of motion model of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Based on Dr.

1

Kropac's evaluation, the claims administrator closed Ms. Click's claim on February 11, 2008, and granted her a 3% permanent partial disability award. On August 5, 2010, Ms. Click submitted an application to have her claim reopened for consideration of additional permanent partial disability benefits. Her application included notes from Dr. Horwitz which indicated that Ms. Click had 21% impairment. Dr. Horwitz's notes also indicated that he believed that Dr. Kropac's assessment had not tested ankle valgus or varus. The claims administrator rejected Ms. Click's application to have her claim reopened for additional permanent partial disability benefits on September 27, 2010. Ms. Click's claim was then evaluated by Dr. Mukkamala who found that there was no evidence of a progression or aggravation of her injury. The Office of Judges affirmed the claims administrator's decision on August 11, 2011. The Board of Review then affirmed the Order of the Office of Judges on December 22, 2011, leading Ms. Click to appeal.

The Office of Judges concluded that Ms. Click did not establish a credible, preponderant evidentiary foundation of a reasonable inference that there had been a progression or aggravation of her condition above the 3% permanent partial disability award previously granted. Although the Office of Judges considered the notes of Dr. Horwitz, it found that they were ambiguous. The Office of Judges pointed out that it was impossible to discern from Dr. Horwitz's notes when he performed his assessment or if he used the proper assessment methods. The Office of Judges also found that Dr. Kropac had considered Ms. Click's ankle valgus and varus but found no ligament laxity. The Office of Judges determined that there was no credible evidence in the record that would tend to justify an inference that there had been a progression or aggravation of Ms. Click's compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Click has not presented any evidence that would tend to justify an inference that there had been a progression or aggravation of her compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 364, 234 S.E.2d 779, 780 (1977). The notations of Dr. Horwitz are not sufficiently clear to justify reopening the claim and do not tend to show that Ms. Click is entitled to additional permanent partial disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II